**FILED**

FEB -3 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO GALLARDO,<br><br>　　Petitioner,<br><br>　v.<br><br>MATTHEW L. CATE, Warden,<br><br>　　Respondent. | No. C 12-05565 BLF (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state parolee proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent was ordered to show cause why the petition should not be granted on the basis of the first and second claims, while the third claim was dismissed. Respondent filed an answer addressing the merits of the two claims. In response, Petitioner filed a traverse, a request for judicial notice, a declaration, and a "supplemental pleading." Having reviewed the briefs and the underlying record, the Court concludes that Petitioner is not entitled to relief and denies the petition.

## BACKGROUND

The California Court of Appeal summarized the relevant procedural and factual history of the case as follows:

---

[1] This matter was reassigned to this Court on April 17, 2014.

Gallardo was charged by information with one count of possession of a controlled substance while incarcerated. (§ 4573.6.) The information further alleged that Gallardo had suffered 26 prior strike convictions within the meaning of section 1170.12, subdivision (c)(2).

Prior to trial, Gallardo brought a *Marsden*[2] motion to replace his appointed counsel. At the hearing on that motion, Gallardo stated that his trial counsel believed him to be guilty and that there was "nothing he can do about anything." Gallardo also said that counsel made representations in a pretrial *Romero*[3] motion that were "not true," counsel failed to challenge the validity of his prior convictions on statute of limitations grounds, counsel failed to provide him with hearing transcripts and counsel failed to bring a motion for selective prosecution.

Counsel explained that he was "invited to bring a motion to strike a sufficient number of the strikes to bring this down to a determinate sentence pre-plea," but that motion was denied. He also explained that, although Gallardo wanted him to bring multiple motions, "there were two that possibly had some merit. One was selective prosecution, which was laid to rest with very little legal research. There just [were] no grounds. The other was that he said he had never waived time. [¶] So I got all the minute orders. They all reflected a time waiver. But just to show him, I provided him with a transcript of his initial arraignment, wherein he waived time."

The trial court denied the Marsden motion, stating "I have not heard anything that you've said that makes me believe that your counsel is not competent, has not been working on your case, or is not going to work on your case in the future, or that he has failed to provide adequate representation, or that he will fail in the future to provide adequate representation."

At trial, the following evidence was presented.

On December 2, 2008, Charles Henderson, a correctional officer at the California Correctional Training Facility in Soledad, was conducting a search of Gallardo's cell. He asked Gallardo to step out of the cell and put his hands on the wall. Henderson noticed that Gallardo's left hand was clenched, so he asked Gallardo to give him what was in his hand. Gallardo opened his hand and Henderson saw he was holding a folded piece of paper and a white substance wrapped in cellophane. In the course of an "unclothed-body search" of Gallardo, Henderson discovered another folded piece of paper in Gallardo's shoe and another bindle taped inside one of Gallardo's socks. It was stipulated that the bindles contained usable amounts of methamphetamine and heroin.

Gallardo testified that he had been in prison for 10 years, serving a 54 year sentence after being convicted of 24 counts[4] of child molestation. In

---

[2]*People v. Marsden* (1970) 2 Cal.3d 118.

[3]*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[4]The prosecution initially alleged that Gallardo had 26 prior strike convictions for committing a lewd act on a child under 14 (§ 288, subd. (A)), but subsequently stipulated that it was only 24. The information was later orally amended to allege 24 prior strikes.

December 2008, he had a cellmate, Joe Hildalgo,[5] who was a drug addict. Hildalgo's arm became infected, which Gallardo believed was from using a dirty needle, and Gallardo encouraged him to seek medical attention. On the morning of December 2, 2008, Gallardo believed Hildalgo left the cell in the morning, while Gallardo was at a class. Gallardo returned at approximately 11:20 a.m., and started cleaning the cell to get rid of Hildalgo's drugs. He put some in his shoe and his sock and had some in his hand when he was interrupted by Henderson. It was his intent to flush all the drugs down the toilet, but the toilet can only be flushed twice within five minutes and then not again for an hour.

Gallardo told Henderson and Henderson's supervisor that the drugs belonged to his cellmate and he was merely attempting to get rid of them.

The jury ultimately deadlocked, 8–4 in favor of acquittal, and the court declared a mistrial on May 12, 2010.

After the prosecutor elected to retry the case, Gallardo entered into a plea bargain and pleaded no contest to the charge of possession of a controlled substance while incarcerated and admitted one strike. In exchange, the court struck the remaining 23 strikes and agreed to impose a full term consecutive sentence with no credits. Gallardo was sentenced to the middle term of three years, doubled due to the prior strike conviction, to be served consecutive to any other sentence.

*People v. Gallardo*, No. H036067, slip op. at 2-4 (Cal. App. 6 Dist. May 31, 2011) (Ans. Ex. 5 ("Op")) (footnotes in original).

Judgment was entered against Petitioner in Monterey County Superior Court on July 21, 2010. The California Court of Appeal affirmed the judgment and denied a habeas petition in a consolidated opinion on May 31, 2011. On August 17, 2011, the California Supreme Court denied a petition for direct review. On February 6, 2012, Petitioner filed a habeas petition in the California Supreme Court, which was denied on July 18, 2012. Thereafter, Petitioner filed the instant federal habeas petition.

## DISCUSSION

A.  **Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or

---

[5]Hildalgo spelling is per the reporter's transcript.

sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's

application of clearly established federal law was "objectively unreasonable." *Id.* at 409. The federal habeas court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The state court decision to which Section 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court considering a petitioner's claims, the court "looks through" to the last reasoned opinion. *See Ylst*, 501 U.S. at 805. The last reasoned state court opinion on Petitioner's claims of prosecutorial misconduct and ineffective assistance of counsel is the California Court of Appeal's consolidated denial of his direct appeal and habeas petition. (Ans. Ex. 5.)

The Supreme Court has affirmed that under AEDPA, there is a heightened level of deference a federal habeas court must give to state court decisions. *See Harrington v. Richter*, 131 S. Ct. 770, 783-85 (2011); *Felkner v. Jackson*, 131 S. Ct. 1305 (2011) (per curiam). As the Court explained: "[o]n federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" *Id.* at 1307 (citation omitted). With these principles in mind regarding the standard and limited scope of review in which this Court may engage in federal habeas proceedings, the Court addresses Petitioner's claims.

B. **Legal Claims and Analysis**

Petitioner's remaining two claims are that: (1) the prosecutor committed misconduct in "breach of contract" and violation of his right to due process by misrepresenting the number of counts of committing lewd acts on a minor that Petitioner

had been convicted of in 1995,[6] and by preventing him from challenging the validity of his prior convictions on statute of limitations grounds (Pet. at 6; *see also* Op. at 5-6; Pet. Ex. A at 4-8); and (2) trial counsel provided ineffective assistance by also misrepresenting the number of Petitioner's prior convictions in his *Romero* motion, providing "incriminating information" in the same motion, conspiring with the prosecutor by not seeking dismissal of the case following the mistrial, and failing to challenge the prior convictions on statute of limitations grounds (Pet. at 7).

Petitioner's plea of "no contest" precludes habeas review of his claims. A defendant who pleads guilty[7] cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (holding that guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same). The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). Furthermore, if a defendant pleads guilty upon the advice of counsel, as Petitioner did here, he or she may only attack the voluntary and intelligent character of the guilty plea by

---

[6]The information initially said he had been convicted of 26 counts but was later amended to 24 counts. (Ans. Ex. 1 at 7, 73.) The California Court of Appeal explained how this happened as follows:

> The abstract [of judgment in the 1995 case] lists the counts on which Gallardo was convicted, specifically counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 26. Counts 10 and 25 are missing from this list, and we assume those were the two counts on which Gallardo was either found not guilty or on which the jury failed to reach a verdict. We presume the prosecutor simply saw that the last count was count 26 and assumed that reflected the proper total.

(Op. at 6 n.8.)

[7]Under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea.'" *United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (quoting *People v. Whitfield*, 54 Cal. Rptr. 2d 370, 377 (Cal. Ct. App. 1996)).

showing that the advice from counsel to plead guilty was not within the range of competence demanded of attorneys in criminal cases. *Id.*; *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).

Petitioner does not claim that the advice of counsel to plead guilty was deficient or incompetent, which is the only challenge to his conviction that remains available to him on federal habeas review. Petitioner claims that the prosecutor committed misconduct in the charging documents, in connection with the *Romero* motion and at the trial. He claims that counsel was ineffective at the *Romero* motion, at trial, and following the mistrial. All of these events took place before Petitioner entered his no contest plea: the information was filed on July 10, 2009, the *Romero* motion was briefed and argued in December 2009 and January 2010, the trial ended in a mistrial on May 12, 2010, and Petitioner changed his plea on July 7, 2010. (*See* Clerk's Transcript (Ans. Ex. 1) at 7, 17, 57, 63-66; Reporter's Transcript (Ans. Ex. 3) at 1201-07.) As such, these claims are barred from federal habeas review. Accordingly, the state court's denial of his claims of prosecutorial misconduct and ineffective assistance of counsel was neither contrary to nor an unreasonable application of federal law, and habeas relief is not warranted on these claims.

In his traverse and "supplemental pleading," Petitioner makes additional arguments challenging the validity of his 1995 convictions under the Fourth Amendment and on statute of limitations grounds. (Trav. at 2-3; "Supp. Pleading" at 2.) Petitioner made these arguments in the third claim of the instant petition, which was dismissed. (Pet. at 8.) As explained in the Order to Show Cause, Petitioner may not challenge his 1995 convictions in this habeas petition. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (holding that prior conviction cannot be challenged in federal habeas petition attacking later conviction and sentence that prior conviction was used to enhance); *Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (same). (*See* Order to Show Cause (dkt. no. 3) at 2). He also claims that the prosecutor engaged in selective and discriminatory prosecution (Trav. at 6; "Supp. Pleading" at 13-20) by

prosecuting him but not other inmates who possessed drugs. New claims may not be added in a traverse, *see Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994), but in any event this claim of pre-plea misconduct by the prosecutor is barred from federal habeas review in light of Petitioner's no contest plea, as discussed above.

Petitioner also filed a motion for judicial notice, which is unexplained, but to which he attaches a series of exhibits, notes and court documents pertaining to his 1995 convictions and their aftermath. Because those documents are not relevant to the cognizable claims here, the motion is denied as moot.

## CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is **DENIED**.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is **DENIED**.

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: Feb 3, 2015

BETH LABSON FREEMAN
United States District Judge